**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: June 07, 2013.**



*Craig A. Gargotta*

_____

**CRAIG A. GARGOTTA**
**UNITED STATES BANKRUPTCY JUDGE**

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | CASE NO. 11-50121-a998 |
| JOHN L. CARRIEDO, AND WIFE, | § | |
| JENNIFER M. CARRIEDO | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | |

## <u>ORDER CONFIRMING FIRST AMENDED CHAPTER 11 PLAN OF REORGANIZATION</u>

On June 5, 2013, came on to be heard the confirmation of the Debtor in Possessions' First Amended Chapter 11 Plan of Reorganization (hereinafter "Plan") (Docket No. 79), and there appeared the Debtors by and through their counsel, William R. Davis, Jr. Copies of the Plan having been transmitted to all creditors and interest holders along with the First Amended Disclosure Statement, the Order Approving First Amended Disclosure Statement and a Ballot, the Court

considered all pleadings on file, including the Objection to Confirmation filed by Security Service Federal Credit Union (which has been resolved by an agreement between the Debtor and Security Service Federal Credit Union as reflected in an Agreed Order filed separately with the Court), and heard the evidence and argument of counsel and determined that the Debtors' First Amended Plan of Reorganization should be confirmed, and makes the following findings of fact and conclusions of law:

1. The Plan has been accepted in writing by the creditors and equity security holders whose acceptance is required by law;

2. The proponents of the Plan have complied with the applicable provisions of Chapter 11 of Title 11, United States Code;

3. The Plan has been proposed in good faith and not by any means forbidden by law;

4. Each holder of a claim or interest that is impaired under the Plan and which has voted has accepted the Plan;

5. All payments made or promised by the Debtors or by a person issuing securities or acquiring property under the Plan or by any other person for services or for costs and expenses in, or in connection with, the Plan and incident to the case, have been fully disclosed to the Court and

are reasonable or, if to be fixed after confirmation of the Plan, will be subject to the approval of the Court;

6. The identity, qualifications and affiliations of the persons who are to be directors or officers, or voting trustees, if any, of the Debtors after confirmation of the Plan have been fully disclosed, and the appointment of such persons to such offices, or their continuance therein, is equitable, and consistent with the interests of the creditors and equity security holders and with public policy;

7. The identity of any insider that will be employed or retained by the Debtors and its compensation have been fully disclosed;

8. No regulatory commission has jurisdiction, after confirmation of the Plan, over the rates of the Debtors;

9. All administrative claims will be paid in full on or before the Effective Date of the Plan (or upon the approval of professional fees by the Court after notice and hearing), unless agreed to otherwise by the Debtors and a creditor;.

10. Confirmation of the Plan is not likely to be followed by the liquidation or the need for further financial reorganization of the Debtors or any successor to the Debtors under the Plan;

11. The provisions of the Plan bind the Debtors, all creditors, equity security holders and parties in interest, whether or not such claims, interests or rights are impaired under the Plan and whether or not any of the foregoing have accepted or rejected the Plan;

12. The Plan complies with the applicable provisions of Chapter 11 of Title 11, United States Code;

13. The principal purpose of the Plan is not the avoidance of taxes or the avoidance of the Application of Section 5 of the Securities Act of 19, 15 U.S.C. Section 77e;

14. The Debtors, and any other necessary parties, shall be able to execute and deliver, or join in the execution and delivery of whatever instruments may be necessary to effect the transfers of the property of the Debtors as required by the Plan;

15. The court may make additional findings of facts and/or conclusions of law regarding the basis of this Order, which subsequent findings and conclusions shall supplement this Order;

16. The Debtors are discharged from any debt which arose prior to confirmation, whether make or guarantor, except as provided in the Plan of Reorganization, Order Confirming Plan of Reorganization or the Bankruptcy Code upon completing the terms and payments of the Plan of Reorganization. Upon the Debtors successfully completing the terms of a confirmed Chapter 11

Plan of Reorganization, the Debtors will have no further liability to any creditor of the Debtors, including the Internal Revenue Service, for any and all debts and liabilities included herein. To receive their discharge, the Debtors will need to comply with §1141(d)(5) and Local Rule 4004(c) and file a Motion requesting the entry of a discharge. The Motion must comply with §1141(d)(5) and Rule 4004(c) and be served upon all creditors and parties in interest. If no objection to the request for a discharge is entered, the Court may grant the discharge without a hearing.

17. The Debtors' First Amended Plan of Reorganization is modified as follows:

a.      The treatment of Security Service Federal Credit Union (Class 2) is modified as follows: The monthly payments to Security Service Federal Credit Union are increased to the amount of $500.00/month beginning on the 20th day of each month starting on June 20, 2013 and continuing monthly thereafter.

18. This Court retains jurisdiction pursuant to Article VIII of the Plan; it is therefore

ORDERED, ADJUDGED and DECREED that the First Amended Plan of Reorganization filed by the Debtors on May 16, 2013, a copy of which First Amended Plan of Reorganization is attached hereto as Exhibit "A", is confirmed for all purposes under the Bankruptcy Code; it is further

ORDERED, ADJUDGED and DECREED that the Reorganized Debtors shall own, subject to

the rights, claims and liens of creditors under this Plan, all property rights which are property of the Estate as defined in Section 541 of the U.S. Bankruptcy Code, except that in the event of conversion of this case to a case under Chapter 7, all assets of the Reorganized Debtors shall become a part of the Estate and subject to administration by a Chapter 7 Trustee, subject to the Debtors' claim of exemptions; it is further

ORDERED, ADJUDGED and DECREED that June 30, 2013 is established as the deadline for the Debtors filing Objections to Claims; however, an extension of the deadline for filing Objections to Claims may be granted by the Court upon the filing of a Motion requesting such extension prior to the expiration of the deadline; it is further

ORDERED, ADJUDGED and DECREED that all secured, priority and unsecured claims which were listed as disputed, contingent or unliquidated in Schedules D-F (as originally filed or amended) and for which no proof of claims were timely filed, are hereby disallowed in full; it is further

ORDERED, ADJUDGED and DECREED that the Debtors shall pay the U.S. Bankruptcy Clerk for the Western District of Texas the mailing costs incurred for the estate (if any); it is further

ORDERED, ADJUDGED and DECREED that the Debtors will pay pre-confirmation fees owed to the U.S. Trustee (if any) on or before the Effective Date of the Plan. After confirmation, the Reorganized Debtors will file with the Court and serve on the U.S. Trustee quarterly financial reports in

a format prescribed by the U.S. Trustee, and pay post-confirmation quarterly fees to the U.S. Trustee until a Final Decree is entered or the case is converted or dismissed. 28 U.S.C. Section 1930(a)(6); and it is further

ORDERED, ADJUDGED and DECREED that this Court shall retain jurisdiction of this case for the purposes set forth in the Plan of Reorganization provided however that the Debtors shall file an Application to Enter Final Decree on or before August 31, 2013, unless same is extended by Motion duly made by a party in interest.

# # #

Submitted by:

William R. Davis, Jr.
Langley & Banack, Inc.
745 E. Mulberry, Suite 900
San Antonio, TX 78212
Telephone: (210) 736-6600

ATTORNEYS FOR THE DEBTORS

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**EXHIBIT** A

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | CASE NO. 11-50121-a998 |
| JOHN L. CARRIEDO, AND WIFE, | § | |
| JENNIFER M. CARRIEDO | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | |

## DEBTORS IN POSSESSION FIRST AMENDED PLAN OF REORGANIZATION

BY: _____

WILLIAM R. DAVIS, JR.
State Bar No. 05565500
LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Telephone:  (210) 736-6600

Attorneys for John L. Carriedo, and wife,
Jennifer M. Carriedo

# INDEX

ARTICLE I -   Definitions . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

ARTICLE II -  Introduction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

ARTICLE III - Classification of Claims and Interests . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

ARTICLE IV - General Provisions Applicable to Claims of Creditors . . . . . . . . . . . . . . . . 8

ARTICLE V -   Means for Execution of the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

ARTICLE VI - Modification of the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

ARTICLE VII - Disputed Claims and Objections to Claims . . . . . . . . . . . . . . . . . . . . . . 13

ARTICLE VIII - Retention of Jurisdiction . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

ARTICLE IX -  Executory Contracts . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

ARTICLE X -   Effect of Confirmation of the Plan . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| | § | CASE NO. 11-50121-a998 |
| JOHN L. CARRIEDO, AND WIFE, | § | |
| JENNIFER M. CARRIEDO | § | CHAPTER 11 |
| | § | |
| DEBTORS | § | |

## OVERVIEW AND IDENTIFICATION OF PROPONENT

John L. Carriedo, and wife, Jennifer M. Carriedo, the Debtors in Possession (hereinafter referred to as "Debtors"), hereby submit to their Creditors and other parties in interest, their Plan of Reorganization (hereinafter referred to as "the Plan") pursuant to 11 U.S.C. Section 1121 et seq.

## SUMMARY OF PLAN

The Plan provides for the payment of allowed administrative, priority, secured and unsecured creditors from future operations of the business. A more detailed discussion of the Plan and its implementation, together with projections of income and expenses and the time necessary to complete the Plan is found in the Disclosure Statement accompanying the Debtors' Plan of Reorganization. The Plan should be read in conjunction with the Disclosure Statement. Debtors urge all creditors and other parties in interest to consult with legal counsel. The creditors and other parties in interest should not rely on any representations not contained in the Plan and/or Disclosure Statement in making a determination on voting to accept/reject the Plan. A detailed discussion concerning the voting rights of creditors and other parties in interest is contained in the Disclosure Statement.

## ARTICLE I

## DEFINITIONS

Except as otherwise indicated, the terms used in the Plan have the definitions used in the Bankruptcy Code and applicable Federal Rules of Bankruptcy Procedure and the Local Rules of the United States Bankruptcy Court for the Western District of Texas. In addition, the following terms shall have the following meanings:

1.01 <u>Administrative Claim</u>: Any costs or expenses of administration of the Chapter 11 Case entitled to priority in accordance with the provisions of 11 U.S.C. Section 503(b) and 507(a)(1) of

the Bankruptcy Code, to the extent allowed by the Bankruptcy Court, including without limitation, any actual and necessary expenses of preserving the Debtors' estate, any actual and necessary expenses of operating the business of the Debtors, including loans or other advances to the Debtors in Possession, all compensation and reimbursement of expenses to the extent allowed by the Bankruptcy Court pursuant to 11 U.S.C. Section 330, and any fees or charges assessed against the Debtors' estate under Chapter 123 of Title 28, United States Code.

1.02  <u>Allowed Claim</u>:  Any Claim against the Debtors, proof of which was timely and properly filed or, if no Proof of Claim was filed, which has been or hereafter is listed by the Debtors on their schedules as liquidated in amount <u>and</u> not disputed or contingent and, in either case, a Claim as to which no objection to the allowance thereof has been interposed within thirty (30) days after the Effective Date or such other applicable period of limitation fixed by the Bankruptcy Code, the Bankruptcy Rules or the Bankruptcy Court, or as to which any objection has been determined by a Final Order to the extent such objection is in favor of a Claimant.  Unless otherwise specified herein or by Order of the Bankruptcy Court, "Allowed Claim" shall not include interest or penalty on such Claim for the period from and after the Petition Date through the confirmation of the Plan of Reorganization.

1.03  <u>Bankruptcy Code</u>:  The Bankruptcy Reform Act of 1978, as Amended, and set forth in Section 101 <u>et seq.</u> of Title 11, United States Code.

1.04  <u>Bankruptcy Court</u>:  The United States Bankruptcy Court for the Western District of Texas, San Antonio Division, or such other Court as may have jurisdiction over the Chapter 11 Case.

1.05  <u>Bankruptcy Rules</u>:  Shall mean the Federal Rules of Bankruptcy Procedure, as amended and prescribed under 28 U.S.C. Section 2075 (1978), applicable to the captioned Chapter 11 reorganization case.

1.06  <u>Bar Date: April 15, 2013</u>  - The deadline for non-government claims and government claims, established by the Bankruptcy Court as the Bar Date with respect to the Debtors and is the date after which any claims which must be filed will be void and disallowed for purposes of voting and distribution.

1.07  <u>Claim</u>:  A right to payment from the Debtors which is evidenced by a timely filed proof of claim or application for payment which is allowed by the Court, or, if a proof of claim is not filed, a right which otherwise appears in the applicable schedules and (1) is not listed as disputed, contingent or unliquidated, or (2) has been resolved by final order of the Court or pursuant to the terms of this Plan.

1.08  <u>Confirmation Date</u>:  The date of entry of an Order of the Bankruptcy Court confirming the Plan in accordance with the provisions of the Bankruptcy Code.

1.09  <u>Confirmation Order</u>:  Order of the Bankruptcy Court confirming the Plan of Reorganization and approving the transactions contemplated therein.

1.10 <u>Consummation of Plan</u>: Accomplishment of substantially all things contained or provided for in the Plan.

1.11 <u>Contested Claim</u>: Any Claim as to which the Debtors or other party-in-interest has interposed an Objection in accordance with the Bankruptcy Code and the Bankruptcy Rules, which objection has not been withdrawn or determined by a Final Order as of the Confirmation Date.

1.12 <u>Court</u>: The United States Bankruptcy Court for the Western District of Texas, San Antonio Division, including the Bankruptcy Judge presiding in the Chapter 11 case of the Debtors.

1.13 <u>Creditor</u>: All entities holding claims against the Debtors or their estate for debts, liabilities, demands or claims of any character whatsoever, as defined in Section 101(4) of the Bankruptcy Code.

1.14 <u>Debtors</u>: John L. Carriedo, and wife, Jennifer M. Carriedo.

1.15 <u>Effective Date</u>: The thirtieth (30th) day following the Confirmation Date.

1.16 <u>Executory Contract</u> : Any contract or agreement between the Debtors and any Person or entity pursuant to which a duty of performance remains on one or both sides.

1.17 <u>Fee Applications</u>: Applications of Professional Persons for allowance of compensation and reimbursement of expenses in the Chapter 11 Case.

1.18 <u>Filing Date</u>: January 6, 2011, the date when the captioned case was instituted by the Debtors filing their voluntary Petition pursuant to Chapter 13 of the U.S. Bankruptcy Code. On March 28, 2012, the Order Confirming Debtor's Chapter 13 Plan and Awarding Attorneys Fees was entered. On November 1, 2012, the Debtors filed their Motion to Convert Case to Chapter 11 and on December 11, 2012, the Order Converting Case to Chapter was entered.

1.19 <u>Final Order</u>: An order of the Court which, not having been reversed, modified or amended and not being stayed and the time to appeal, to seek review, certiorari or rehearing having expired, and no such appeal, review, certiorari or rehearing is pending, has become conclusive of all matters adjudicated thereby and is in full force and effect.

1.20 <u>Secured Governmental Claim</u>: Any claim for taxes which is secured by a lien upon property under Texas state law or a federal tax claim which is secured by a Notice of Federal Tax Lien.

1.21 <u>Insiders</u>: Persons affiliated with or related to the Debtors -- in particular, the Debtors' family members and relatives.

1.22 <u>Lease</u>: Any Lease of real or personal property which has not terminated according to its own terms prior to the Effective Date or which was not otherwise terminated prior to the Petition Date. Such leases are deemed to be assumed as a part of the confirmation process.

1.23  Order Confirming Plan:  The Final Order of the Court determining that the Plan meets the requirements of Chapter 11 of the Bankruptcy Code and is entitled to confirmation.

1.24  Plan:  This Plan of Reorganization in its present form or as it may be amended, supplemented or modified from time to time.

1.25  Plan Proponent:  The Debtors.

1.26  Priority Claim:  Any Claim, to the extent entitled to priority in payment under 11 U.S.C. Section 507(a) of the Bankruptcy Code, other than an Administrative Claim or a Secured or Unsecured Tax Claim.

1.27  Professional Persons:  Persons retained to be compensated pursuant to Section 327, 328, 330, 503(b) and/or 1103 of the Bankruptcy Code.

1.28  Property:  All property of the estate of the Debtors as defined in Section 541 of the Bankruptcy Code.

1.29  Pro Rata Share:  The amount which is the result of multiplying the amount of assets available to a named class of Creditors by that fraction in which the numerator is the allowed amount of a particular Claim in the named class and the denominator is the total of the allowed amounts of all the Claims of the named class.

1.30  Revested Debtors:  The Debtors, John L. Carriedo, and wife, Jennifer M. Carriedo, and as revested pursuant to the Plan with their rights and interests provided in this Plan upon the Confirmation Date.  This Plan provides that the Revested Debtors shall own, free from any rights of the Creditors under this Plan, except as specifically provided to the contrary, all property rights which are Property of the Estate.  However, should this case be converted to a Chapter 7 case in the future, the property remains property of the estate.

1.31  Schedules:  The Schedules and Statement of Financial Affairs filed by the Debtors pursuant to the Bankruptcy Code, as amended from time to time.

1.32  Secured Claim:  The Claim of any Creditor of the Debtors who holds a lien, security interest or other security, as that term is defined in Section 101(41) of the Bankruptcy Code, which has been properly perfected as required by law and to the extent of the value of the collateral impressed by the lien, security interest or other security, as determined in accordance with Section 506 of the Bankruptcy Code.

1.33  Tax Claim:  Any Claim of any Person that is entitled to priority treatment and payment under 11 U.S.C. Section 507(a).

1.34  Unimpaired Claim:  The Claims that are not impaired under this Plan in accordance with 11 U.S.C. Section 1124.

1.35 <u>Unsecured Claims</u>:

a.  The portion of the Claim of any Creditor holding a Secured Claim as to which treatment as an unsecured claim is required or permitted by the provisions of Section 506(a) of the Bankruptcy Code;

b.  Any and all other Claims not otherwise provided for in the Plan.

A term in this Plan not otherwise defined herein but used in the Bankruptcy Code shall have the definition assigned to such term in the Bankruptcy Code.

## ARTICLE II

## INTRODUCTION

2.1  On January 6, 2011, John L. Carriedo, and wife, Jennifer M. Carriedo (hereinafter the "Debtors") filed their voluntary Petition for Relief under Chapter 13 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Western District of Texas, San Antonio Division. On March 28, 2012, the Order Confirming Debtor's Chapter 13 Plan and Awarding Attorneys Fees was entered. On November 1, 2012, the Debtors filed their Motion to Convert Chapter 13 Case to Chapter 11, and on December 11, 2012, Order Converting Case to Chapter 11 was entered, and since such date the Debtors have remained in possession and control of their estate and operated their financial affairs as Debtors in Possession.

2.2  The Plan proposes to pay Creditors less than hundred percent (100%) of their allowed Claims; most creditors will be paid in full (administrative, priority and secured), with the exception of Class 6 - Unsecured Creditors, which are not proposed to be paid in full herein. The allowed Claims of administrative, priority, secured and unsecured creditors will be paid from the income generated in the future. All allowed claims, including administrative, priority, secured and unsecured, will be paid pursuant to the terms contained herein from the Effective Date. The payments to some creditors may extend past the term of the Plan.

2.3  Funds will be disbursed to all classes of Creditors at the time specified on or after the Effective Date to pay the administrative, priority, secured and unsecured Claims in accordance with the provisions for their payment as set forth in this Plan.

## ARTICLE III

## CLASSIFICATION OF CLAIMS

The claims and interests against the Debtors are classified as follows:

### Administrative Claims

The allowed professional fees incurred by the Debtors, including, but not limited to, attorney fees, accounting fees and appraisal fees, along with the other costs and expenses of administration of the Debtors' Chapter 11 bankruptcy case, from December 11, 2012.

### Secured Claims

**Class 1.** The secured claim of GMAC Mortgage.

**Class 2.** The secured claim of Security Service Federal Credit Union.

**Class 3.** The secured claim of Conn's Credit Corporation.

### Priority Unsecured Claims

**Class 4.** The priority unsecured claims of the Internal Revenue Service.

### Unsecured Claims

**Class 5.** Sallie Mae.

**Class 6.** Texas Higher Education Coordinating Board.

**Class 7.** All allowed unsecured claims.

### Debtors

**Class 8.** Claims of John L. Carriedo, and wife, Jennifer M. Carriedo.

## ARTICLE IV

## A. GENERAL PROVISIONS APPLICABLE TO ALL CLAIMS OF CREDITORS

1. Pursuant to Section 506(a) of the Bankruptcy Code and Bankruptcy Rule 3012, the Court shall determine the value of any claim secured by a lien on property in which the estate has an interest at the confirmation hearing set on the Plan or prior to that time pursuant to a Motion filed by the Debtors to value the property pursuant to 11 U.S.C. Section 506. The claim shall be secured

to the extent of the value of the collateral as determined by the Court, and unsecured for the balance, if any. For purposes of voting on the Plan of Reorganization, the Court shall estimate any claim when requested to do so at the hearing on the confirmation if a valuation hearing has not already been held.

2. The Plan provisions which will apply to each class upon confirmation of the Plan need not be further reduced to writing and executed by the parties in order to be binding. However, parties wishing to reduce the provisions of this Plan to writing shall tender all documents effectuating the terms of this Plan to the attorney for the Debtors for approval prior to their execution. Unless otherwise agreed by the parties, the terms of existing written instruments shall control except where in conflict with the provisions of this Plan; where new instruments may be required, they shall conform to the official State Bar of Texas forms where such forms exist.

3. Payments under this Plan shall be due on the first (1st) of each calendar month unless otherwise specifically provided in the treatment of a particular class. The first payment shall commence on the payment date of the month following the Effective Date of the Plan.

## B. PROVISION FOR TREATMENT OF SPECIFIC CLASSES

Administrative claims consist of the professionals who have provided services to the Debtors during the pendency of this Chapter 11 case. These claimants and the estimated amount of their claims are as follows:

| | |
|---|---|
| Langley & Banack, Inc. (Attorneys) | $7,000.00 |
| Total Estimated Professional Claims | $7,000.00 |

The amount of the professional fees disclosed above is an approximate amount. It is unknown at this time exactly how much money will be incurred in professional fees in this Chapter 11 case. A final determination cannot be made until such time as the case is closed as to reasonable professional fees for the provision of whatever services become necessary in this Chapter 11 case. Any other allowed costs and expenses of administration of the Debtor's Chapter 11 bankruptcy case are also included as administrative claims. These claims will be paid in full at confirmation, less any retainers already received, after approval by the Court of said fees. The anticipated administrative expenses of the Debtors is moderate, with the largest estimated administrative expense claim being the legal fees of Langley & Banack, Inc.

Administrative claims are unimpaired under the Plan and not entitled to vote.

The Class 1 claim consists of the secured claim of GMAC Mortgage secured by real property described as 1930 Oak Flat Rd., San Antonio, Texas. The Debtors estimate the real property has a market value in the amount of $264,000.00 and is subject to a mortgage to GMAC Mortgage in the approximate amount of $315,000.00. The Debtors are in arrears on their monthly mortgage payments to GMAC mortgage in the amount of $2,957.31/month. The Debtors' interest rate is adjustable and currently at the rate of 4%, which the Debtors are proposing to lock in at the rate of

4% for the balance of the Note's term. The Debtors' current monthly payments are in the amount of $2,957.31, and include principal, interest and escrow for taxes and insurance. The Note had an original term of 30 years, of which approximately 25 years remain. The estimated future monthly payments are in the projected amount of $2,957.31 (principal and interest in the amount of 4% over a 25-year term), plus escrow for taxes and insurance. All arrearages under the loan documents up to confirmation of the Debtors' Chapter 11 Plan of Reorganization will be added to the principal balance of the Note going forward . All other terms of the Note and Deed of Trust remain unaffected herein. The new monthly payments begin on the first day of the month following the Effective Date of the Plan.

The Class 1 claim is deemed to be impaired under the Plan and is entitled to vote.

The Class 2 claim consists of the secured claim of Security Service Federal Credit Union secured by a purchase money debt described as a 2008 Nissan Pathfinder LE. The Debtors estimate the vehicle has a market value in the amount of $17,000.00 and is subject to a purchase money debt to Security Service FCU in the approximate amount of $16,000.00. The Debtors are proposing to pay the remaining balance owing over a term of forty-two (42) months based upon interest at the rate of 6.5%. The projected monthly payments are in the approximate amount of $425.00 and are to begin on the first day of the month following the Effective Date of the Plan. The Debtors have been making their monthly contractual payments during the case, until recently (March, 2013) when they lowered the payments to $400.00/month.

The Class 2 claim is deemed to be impaired under the Plan and is entitled to vote.

The Class 3 claim consists of the secured claim of Conn's Credit Corporation secured by a purchase money debt described as a HP computer and miscellaneous items. The Debtors estimate the items have a market value in the amount of $1,500.00 and is subject to a purchase money debt to Conn Credit Corporation in the approximate amount of $2,528.69 based upon the Proof of Claim filed by Conn's on February 26, 2013. The unsecured portion of Conn's claim will be treated as a Class 6 creditor. The Debtors will pay Conn's claim through monthly payments in the amount of $66.00 based upon a two (2) year term and interest at the rate of 5.25%. The monthly payments begin on the first day of the month following the Plan's Effective Date.

The Class 3 claim is deemed to be impaired under the Plan and is entitled to vote.

The Class 4 claim consists of the priority unsecured claims of the Internal Revenue Service. The Debtor does not believe the Internal Revenue service has pre-petition Notices of Federal Tax Liens; however, if the Internal Revenue Service has any pre-petition secured claims, such claims will be paid in full with the Class 4 priority unsecured claims of the Internal Revenue Service. The Debtors estimate the debt of the Internal Revenue Service to be in the estimated amount of $24,000.00. This amount includes approximately $6,000.00 each for years 2011 and 2012. The Internal Revenue Service field its claim for tax years 2011 and 2012 on April 18, 2013 in the amount of $11,417.00. There will be no further penalties accruing on such liability, just 3% interest. The Debtor (John) increased his withholding for tax year 2013 to be sure the problem with under withholding does not continue in 2013, or future years.

The Class 4 priority unsecured claim of the Internal Revenue Service (excluding any penalties and interest, which will be waived upon the full payment of the Internal Revenue Service Class 4 claim) will be paid in full through monthly payments of principal and interest (3%), based on a 5-year term, with payments beginning on the first day of the month following the Effective Date of the Plan. The projected monthly payments are in the amount of $450.00.

The Class 4 claim is unimpaired under the Plan and not entitled to vote.

The Class 5 creditor consists of a student loan claim owing to Sallie Mae (approximately $75,000.00). The Debtors are current on their student loan payments (which have been in deferment since this bankruptcy case was filed). The Debtors are proposing to modify the repayment terms on the student loans by lowering the interest rate to the amount of two percent (2%) per annum beginning on the filing date of the bankruptcy case for the balance of the student loan. The monthly payments under the student loan will be recalculated based upon the new interest rate (2% proposed herein) and the balance of the remaining payment terms of the note. No other terms of the student loan is modified herein, other than all arrearages up to confirmation will be added to the student loan Note. Sallie Mae filed a Proof of Claim (amended) on February 22, 2012 in the amount of $74,844.28. The new monthly payments will begin on the first day of the month following the Effective Date of the Plan, and are to be calculated by the student loan creditor and the payment amount provided to the Debtors prior to the start date.

The Class 5 claim is deemed to be impaired under the Plan and is entitled to vote.

The Class 6 creditor consists of student loan claim owing to Texas Higher Education Coordinating Board (approximately $40,000.00). The Debtors are current on their student loan payments (which have been in deferment since this bankruptcy case was filed). No terms of the student loan is modified herein, other than all arrearages up to confirmation will be added to the student loan Note. Texas Higher Education Coordinating Board filed a claim on March 8, 2011 in the amount of $39,354.74. The monthly payments will begin on the first day of the month following the Effective Date of the Plan and are to be calculated by the respective student loan creditor, and the payment amount provided to the Debtors prior to the start date.

The Class 6 claim is deemed to be unimpaired under the Plan and not entitled to vote.

The Class 7 claims consist of the claims of unsecured creditors which existed prior to confirmation. The amount of unsecured claims consist of the claims scheduled on the Debtors' Schedules (Schedule F) filed with the Court, and as amended, and are in the projected amount of $15,000.00. The general unsecured claim of the Internal Revenue Service (approximately $8,000.00) is to be forgiven/waived upon the full payment of the Internal Revenue Service's Class 4 priority claims, and is not included herein.

The Class 7 creditors are to be paid fifteen percent (15%) of their allowed claims through a lump sum payment within 180 days from the Effective Date of the Plan. In a liquidation, Class 7 creditors would receive no distribution.

The Debtors' statement of current monthly income filed with the bankruptcy case showed a disposable income of approximately $2,000.00/month. Unfortunately, as reflected in the Debtor's Monthly Operating Reports filed herein and the Schedules I and J (income/expenses), the Debtors' income has decreased, although it is fairly stable now. The Debtors do not believe that based upon the current state of their income , that they will be able to make regular monthly payments to unsecured creditors while making their future tax deposits, and making their required Plan payments. However, the Debtors believe this Plan represents their best effort/proposal to repay their creditors.

Because the Debtors are not either paying the Class 7 creditors (1) an amount that is equal in value to the amount of their claim as of the Effective Date or (2) their projected disposable income over the next five years, if a Class 7 creditor objects to the Plan, the Plan cannot be confirmed because the Debtors will not satisfy §1129(a)(15) of the Bankruptcy Code.

The Class 7 claims are deemed to be impaired under the Plan and are entitled to vote.

The Class 8 claims consists of the Debtors, John M. Carriedo, and wife, Jennifer L. Carriedo. The Carriedo's will continue their ownership interest in their real and personal property, whether exempt or non-exempt, as set forth to the terms contained herein.

The Class 8 claims are unimpaired under the Plan and not entitled to vote.

## ARTICLE V

## MEANS FOR EXECUTION OF THE PLAN

5.01  On or after the Effective Date, and to the extent the claim or claims of the Class 1 through 7 creditors then remain unpaid, such claim or claims of those creditors shall then be paid in accordance with the terms of this Plan. The payments to some creditors may extend past the term of the Plan.

5.02  On or after the Effective Date, and to the extent the claim or claims of the Class 1, 2 and 3 creditors then remain unpaid, such claim or claims of said Class 1, 2 and 3 creditors shall retain the lien or liens and security interests securing the payment of such claim or claims until said claim or claims are paid in full and in accordance with the terms of Section IV herein.

5.03  Post-confirmation, the Revested Debtors are authorized to sell all or a part of their assets (at their market values) so long as all of the allowed claims of Class 1, 2 and 3 under the Plan are paid in full, or continue to be paid as provided for in the Plan. The lien claims of creditors will automatically attach to any sales proceeds in accordance with their existing lien position. No secured creditor is required to release their liens against the Debtors' real or personal property unless such allowed secured claim is paid in full.

5.04  Property or funds remaining in the estate of the Debtors after all classes of claims have been paid pursuant to the terms of the Plan of Reorganization shall remain and be retained as the property of the Debtors.

## ARTICLE VI.

## MODIFICATION OF THE PLAN

1.    The Debtors may modify this Plan at any time prior to confirmation so long as the modification complies with the requirements of Section 1122 and 1123 of the Code.  Upon the filing of any such modification with the Court, the Plan as modified becomes the Plan.

2.    The Debtors may modify this Plan any time after confirmation upon compliance with Section 1127 of the Code.  Notice shall be deemed sufficient if given to each creditor with an unpaid allowed claim in this case.  If in the opinion of the court the modification does not materially and adversely affect the interest of the creditors, the Court may modify the Plan without notice to creditors.

## ARTICLE VII.

## DISPUTED CLAIMS AND OBJECTIONS TO CLAIMS

1.    The rights afforded in this Plan and the payments and distributions to be made hereunder shall be in complete exchange for, and in full satisfaction, discharge and release of, all existing debts and Claims of any kind, nature, description whatsoever of or against the Debtors or the Debtors in Possession and any of their assets or properties.  Except as otherwise provided herein or in the Confirmation Order, upon the Confirmation Date all Claims existing against the Debtors or Debtors in Possession shall be, and are deemed to be exchanged, satisfied, discharged and released in full and all holders of Claims shall be precluded from asserting against the Debtors or their assets or properties any further Claim based upon any act or admission, transaction or other activity of any kind or nature that occurred prior to the Confirmation Date.

2.  The Confirmation Order shall be a judicial determination discharging the Debtors, except as provided for in this Plan, from all debts that arose before the Confirmation Date and any liability on a Claim that is determined under 11 U.S.C. Section 502 as if such Claim had arisen before the Confirmation Date, whether or not a Proof of Claim based on any such debt or liability is filed under 11 U.S.C. Section 501 and whether or not a Claim based on such Debtors liability is allowed under 11 U.S.C. Section 502.  The Debtors will file any claims objections on or before sixty (60) days from the Plan's Effective Date.  At present, the Debtors are attempting to resolve any disputes regarding claims with the particular creditor.  The Debtors are hopeful that such negotiations will lead to an amicable resolution of any claims disputes; there is no guarantee that the negotiations will lead to a resolution of any disputes.

Upon the Debtors successfully completing the terms of their confirmed Chapter 11 Plan of Reorganization, the Debtors will have no further liability to any creditor of the Debtors, including the Internal Revenue Service, for any and all debts and liabilities included herein (complete discharge of all pre-petition liability and obligations as provided for in the Debtors' Plan).

3.   Each holder of an instrument evidencing a Claim shall be provided for in this Plan.  No distribution under this Plan shall be made to or on behalf of any holder of such Claim unless or until such certificate or instrument is received or the non-availability of such certificate or instrument is established to the satisfaction of the Debtors or any agent of Debtors.  Any such holder who fails to surrender such certificate or instrument or satisfactorily explain its non-availability within one (1) year of the Confirmation Date shall be deemed to have no further claim or interest against the Debtors.

4.   The Claims of Class 7 (insiders) are unimpaired by this Plan in accordance with 11 U.S.C. Section 1124.

5.   By virtue of their status of being "unimpaired" Classes of Claims, Class 7 is deemed to have accepted the Plan pursuant to 11 U.S.C. Section 1126(f) and there is no requirement to solicit the votes of the members of those classes with respect to this Plan.

6.   The Claims and Interests of all other Classes are impaired by this Plan and, accordingly, are entitled to vote to accept or reject this Plan.

7.   A Class will be held to have accepted this Plan, if the Plan is accepted by at least two-thirds (2/3's) in amount and more than one-half (1/2) in number of the holders of Claims or Interests of each Class that have voted to accept or reject this Plan.

8.   In the event that any class entitled to vote on the Plan fails to accept the Plan by the requisite majorities in accordance with 11 U.S.C. Section 1126, the Debtors request that the Bankruptcy Court confirm the Plan in accordance with 11 U.S.C. Section 1129(b) (cram down).

## ARTICLE VIII.

## RETENTION OF JURISDICTION

8.1   The Court shall retain jurisdiction of this case after the Confirmation Date until all payments and distributions called for under the Plan have been made and until entry of a final decree, in respect of the following matters:

a.   To estimate, classify, allow or disallow claims and direct distributions of funds under the Plan and to hear and determine any controversies pertaining thereto.

b.   To hear and determine any and all motions, applications, complaints, adversary proceedings and other matters arising out of or related to the Plan and this case.

c.   To sign and implement such orders as it may determine to be appropriate in the event the Order Confirming Plan is for any reason stayed, reversed, revoked or vacated.

d.   To liquidate or estimate damages or determine the manner and time for such liquidation or estimation in condition with any contingent or unliquidated claim.

e.   To adjudicate all claims to any lien on any property for the Debtors or any proceeds thereof.

f.   To adjudicate all claims or controversies arising during the pendency of the Chapter 11 case.

g.   To recover all assets and property of the Debtors, wherever located, to the extent necessary for the consummation of this Plan.

h.   To hear and determine matters concerning state, local and federal taxes pursuant to Sections 346, 505, 525 and 1146 of the Bankruptcy Code.  Debtors, pursuant to this Plan of Reorganization, hereby reserve the right to review and object, if necessary, to the claims of federal and local taxing authorities for tax, penalty and interest assessed (whether paid or outstanding) on income and/or real and personal property of the Debtors, both pre and post-petition.

i.   To allow professional fees and reimbursement of the expenses of professionals employed during this case and prior to the Confirmation of the Plan.

8.2  If the Bankruptcy Court abstains from exercising, or declines to exercise jurisdiction, or is otherwise without jurisdiction over any matter arising out of the Chapter 11 Case, this Article shall have no effect upon and shall not control, prohibit or limit the exercise of jurisdiction by any other court having competent jurisdiction with respect to such matters.

8.3  The Debtors will file their Application for Entry of Final Decree within one hundred eighty (180) days from the confirmation of the Debtors' Plan unless such deadline is extended by the Court pursuant to a timely Motion requesting such extension.

8.4  U.S. Trustee Fees - The Debtors will pay pre-confirmation fees owed to the U.S. Trustee on or before the Effective Date of the Plan.  After confirmation, the Reorganized Debtors will file with the court and serve on the U.S. Trustee quarterly financial reports in a format prescribed by the U.S. Trustee, and pay post-confirmation quarterly fees to the U.S. Trustee until a final decree is entered or the case is converted or dismissed. 28 U.S.C. Section 1930(a)(6).

8.5  Default - Upon default by the Reorganized Debtors, creditors (other than the Internal Revenue Service) are required to provide written notice of such Default to the Reorganized Debtors and their counsel, William R. Davis, Jr. of Langley & Banack, Inc., by certified mail, return receipt

requested, and by regular first class mail, and the Reorganized Debtors shall have thirty (30) days from the date of the notice to cure the default. Any defect in such default notice shall toll the running of the thirty (30) day cure period. Notice of default shall be given to the Reorganized Debtors and William R. Davis, Jr. If the Reorganized Debtors fail to cure within the thirty (30) day cure period provided herein, creditors shall be allowed to foreclose their liens/pursue collection as allowed under applicable law without further notice of hearing before the Court, or move to have the case converted to a case under Chapter 7.

8.6 The United States (Internal Revenue Service) requests the following default language:

(a) that the debt owed by the Debtors to the IRS is a non-dischargeable debt, except as otherwise provided for in the Bankruptcy Code, and that if the Debtors should default, the IRS is not subject to the provisions of the Bankruptcy Code so that the IRS can take whatever actions are necessary to collect said debt in the event of default; and

(b) a failure by the Debtors to make a payment to the IRS pursuant to the terms of the Plan shall be an event of default; as to the IRS, there is an event of default if payment is not received by the 15th day of each month; if there is a default to IRS, IRS must send written demand for payment to the Debtors and said payment must be received by the IRS within fifteen (15) days of the date of the demand letter; the Debtors can receive up to five (5) notices of default from the IRS; however, the fifth default cannot be cured, and the IRS may accelerate its allowed claim(s), past or future, and declare the outstanding amount of such claim(s) to be immediately due and owing, and pursue any and all available state and federal rights and remedies.

(c) The IRS is bound by the provisions of the confirmed Plan and is barred under Section 1141 from taking any collection action against the Debtors for pre-petition claims during the duration of the Plan (provided there is no default as to the IRS). The period of limitations on collection remains suspended under 26 U.S.C. Sec. 6503(h) for tax periods being paid under the Plan and terminates on the earlier of (1) all required payments to the IRS has been made; or (2) 30 days after the date of a demand letter for which the Debtors failed to cure the default.

## ARTICLE IX.

## EXECUTORY CONTRACTS

9.01 All executory contracts of the Debtors not expressly rejected in writing on or before the Confirmation Date are deemed to be assumed. Rejection is accomplished by filing an Application therefore with the Court together with proof of service of the Application to reject upon all parties affected thereby although the Court's approval of the rejection will not take place until the hearing on Application some time later.

If no agreement has been reached regarding the cure of a lease arrearage (on a lease being assumed), any such pre-petition lease arrearages will be added to the end of the lease term. Should the Debtors default in the lease cure(s), the terms of the applicable lease are controlling.

9.02  All parties to a rejected contract (other than a contract previously rejected by Motion and Order approved by this Court) will have thirty (30) days from and after the date that the order approving rejection becomes a Final Order within which to file a Proof of Claim for damages, if any, resulting from such rejection. The failure to file such Proof of Claim within that period will forever bar the party affected by the rejection from participating in any distribution under the Plan or recovering any payment on any claim on account of such rejection.

## ARTICLE X

## EFFECT OF CONFIRMATION OF PLAN

The provisions of the Plan once confirmed are binding upon the Debtors and all of their creditors. The confirmation of the Plan vests all property of the estate in the Debtors except as otherwise provided in the Plan. All non-exempt assets will automatically revest in the Debtors' estate in the event that the Debtors' case is converted to Chapter 7 at some point in the future. The Debtors' property is free and clear of all claims and interests except as otherwise provided in the Plan. The Debtors are discharged from any debt which arose prior to confirmation, whether maker or guarantor, except as provided for in the Plan, Order Confirming Plan or the Bankruptcy Code upon completing the terms and payments of the Plan of Reorganization. Upon the Debtors successfully completing the terms of a confirmed Chapter 11 Plan of Reorganization, the Debtors will have no further liability to any creditor of the Debtors, including the Internal Revenue Service, for any and all debts and liabilities included herein. To receive their discharge, the Debtors will need to comply with §1141(d)(5) and Local Rule 4004(c) and file a Motion requesting the entry of a discharge. The Motion must comply with §1141(d)(5) and Rule 4004(c) and be served upon all creditors and parties in interest. If no objection to the request for a discharge is entered, the Court may grant the discharge without a hearing.

Date: May 15, 2013

JOHN M. CARRIEDO

JENNIFER M. CARRIEDO

OF COUNSEL:

BY:

WILLIAM R. DAVIS, JR.
State Bar No. 05565500
LANGLEY & BANACK, INC.
745 E. Mulberry, Suite 900
San Antonio, Texas 78212
Telephone: (210) 736-6600

Attorneys for Debtors